**FILED**

'JUL 0 2 2014

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

$400

**JS**

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**14    4050**

THIRUVALAM INDIRA

-and-

MOOKAN PERIYASAMY

-and-

ASWIN GROUP, LLC
t/a PARADISE MOTEL

                    Plaintiffs,

        *v.*

DENNIS R. GROFF
*In his Official and Personal Capacities*

-and-

DOMINICK LOPEZ
*In his Official and Personal Capacities*

-and-

RANDY MAURER
*In his Official and Personal Capacities*

-and-

DALE L. HIGH
*In his Official and Personal Capacities*

-and-

SALLY RIEHL
*In her Official and Personal Capacities*

-and-

KATHERINE WOOD-JACOBS
*In her Official and Personal Capacities*

Civil Case No.: _____

9 Civil
7/2/14

1

ASSOCIATED BUILDING INSPECTIONS, INC.

-and-

CODE ADMINISTRATORS, INC.

-and-

PARADISE TOWNSHIP,

                                   Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiffs, Thiruvalam Indira, Mookan Periyasamy, and Aswin Group, LLC, by and through their undersigned counsel, the O'Hanlon Law Firm, P.C., hereby demand a jury trial and complain against Defendants, in their official and personal capacities, Dennis R. Groff, Dominick Lopez, Randy Maurer, Dale L. High, Sally Riehl, and Katherine Wood-Jacobs and against Associated Building Inspections, Inc., Code Administrators, Inc., and Paradise Township as follows:

## PRELIMINARY STATEMENT

1.      This action arises under the provisions of 42 U.S.C. § 1983 and 42 U.S.C. § 1981. Plaintiffs are seeking damages to redress the deprivation of their rights by all Defendants in that Plaintiffs' property has been repeatedly trespassed upon by agents of Defendant Paradise Township acting under color of state law, Plaintiffs have been denied Procedural and Substantive Due Process, and subjected to unequal treatment and unequal protection of the law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiffs' rights secured, guaranteed, and protected by

federal law.   Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiffs transact business and Defendants reside and/or they regularly conduct business.

## PARTIES

3.      Plaintiffs, Thiruvalam Indira, Mookan Periyasamy, and Aswin Group, LLC, are citizens of the State of Delaware and operators and owners of Paradise Motel located at 3320 Lincoln Highway East, Paradise, Pennsylvania.

4.      Defendants Dennis R. Groff, Dominick Lopez, Randy Maurer, Dale L. High, Sally Riehl, and Katherine Wood-Jacobs (hereinafter "Individual Defendants") were or are employees and/or executive officers and/or administrators for Defendant Paradise Township (hereinafter "Defendant Paradise") and have and/or had dual or multiple roles for agencies and/or corporations associated therewith.   Defendant Paradise is a municipal corporation in Lancaster County, Pennsylvania.   Associated Building Inspections, Inc. (hereinafter "Defendant Associated Building Inspections"), is a Pennsylvania corporation with a business address at 1248 West Main Street Suite 23, Ephrata, Pennsylvania.   Code Administrators, Inc. (hereinafter "Defendant Code Administrators") is a Pennsylvania corporation with a business address at 116 Hellam Street, Wrightsville, Pennsylvania.   The corporate Defendants may also be referred to as Defendant Corporations.

## STATEMENT OF CLAIM

5.      Individual Defendants, in their official capacities and acting under color of state law, have engaged in conduct that violated Plaintiffs' Fourth Amendment rights as incorporated through the Fourteenth Amendment and the rights guaranteed by the Fourteenth Amendment's Procedural and Substantive Due Process clauses and rights guaranteed by the Equal Protection

3

Clause thereby also violating 42 U.S.C. § 1983.  The violations perpetuated by Individual Defendants, acting under color of state law, constitute the policy and/or practice adopted by affirmative acts, policies, practices, and omissions of Defendant Paradise.  The Constitutional violations include, but are not limited to the following:  A.  Violating Plaintiffs' Fourth Amendment rights by trespassing on Plaintiffs' property in non-emergent times without a warrant.  B.  Denying Plaintiffs Procedural Due Process by issuing defective and improper citations, fines, and condemnation notices without procedural processes and supported by bogus non-independent inspections by partial Defendant Corporations.  C.  Denying Plaintiffs Substantive Due Process by alienating Plaintiffs' right to be generally let alone on their own property, by alienating Plaintiffs' right to legally use and sell the property, and by effectively forcing Plaintiffs to connect to a sewage system that is unnecessary and intended only for the enrichment of individual Defendants and Defendant Paradise.  E.  Failing to respond to Plaintiffs' particular grievances, complaints, and petitions.  F.  Depriving Plaintiffs of Equal Protection of the laws because of their race/national origin (Indian) by, *inter alia*, using racist language and exhibiting differential treatment towards Plaintiffs when compared with corporations with Caucasian owners.

6.  Defendant Associated Building Inspections and Defendant Code Administrators have denied Plaintiffs, due to their race and national origin, the benefits and security of similarly placed white business owners.  The deliberate acts of said Defendant Corporations violate 42 U.S.C. § 1981 because Plaintiff Indira and Plaintiff Periasamy and Plaintiff Corporation that they operate are subject to interference, fines, and continued threats of eviction which are based on Plaintiffs' race and national origin and similarly placed Caucasians are not subjected to such adverse treatment.

4

7.      Further, Plaintiffs have been deprived of income in the form of wages, business growth, and prospective retirement benefits and other benefits.  Plaintiffs have also had to pay extensive attorneys' fees to defend against the vexatious acts of Defendants.

8.      Plaintiffs are now suffering and will continue to suffer irreparable emotional injury because of Defendants' acts, omissions, policies, procedures, practices, and deliberate indifference.    Because of the stress associated with Defendants' improper harassment of Plaintiffs, Plaintiff Periyasamy has suffered a heart attack and has continued heart issues and Plaintiff Periyasamy has been unable to live in the countryside near Defendant Paradise despite his desire to do so.  Plaintiff Indira suffers from continual disruption in her life, anxiety, and emotional distress.

## FACTS COMMON TO ALL COUNTS

9.      In or around May of 2003, Plaintiffs purchased Paradise Motel.

10.     In 2004, Defendant Dominick Lopez informed Plaintiff Indira that she would pay an Amish male to fix her mowing tractor and would pay him more money than was initially suggested.    Defendant Dominick Lopez stated that he would make Plaintiff Indira's life miserable if she did not pay and Defendant Dominick Lopez informed Plaintiff Indira that she was an "Indian woman who asked to buy property here.  We, the township [Defendant Paradise] dictate who can do what here.  You understand?"

11.     In or around June of 2005, Defendant Dominick Lopez and Defendant Dennis Groff viewed and examined a $160,000 extension to the motel.  Defendant Groff threatened Plaintiff Indira that she would not be given occupancy permits unless she hooked the hotel to Defendant Paradise's sewage system.  In addition, Defendant Groff ignored and sidestepped Plaintiff Indira's questions on occasions when Plaintiff Indira attended Paradise Township meetings in

5

order to assess the legitimacy of the threat by Defendant Groff and Defendant Paradise that Plaintiffs' operations at Paradise Motel would be shut down. The result was to cause anxiety and humiliation to Plaintiff Indira because Plaintiff Indira was treated differently to Caucasian attendees at Defendant Paradise township meetings. At approximately the same time, Defendant Dale High threatened Plaintiff Indira by stating "if you do not play ball with us, we will drive you out. Do you see other colored people owning a property of this size? We will shut you down."

12. On or about August 18, 2005, Plaintiff received a Notice of Violation from Defendant Dominick Lopez and Defendant Paradise stating, *inter alia*, that Plaintiffs were violating the Pennsylvania Sewer Facilities Act. This was untrue and pretextual in order to attempt to gain profitable compliance from Plaintiffs and ensure undue interference in Plaintiffs' property and business.

13. On or about May 22, 2006, Plaintiffs received another Notice of Violation from Defendant Dominick Lopez and Defendant Paradise stating, *inter alia*, that Plaintiffs were violating the Pennsylvania Sewer Facilities Act. This was untrue and pretextual in order to attempt to gain profitable compliance from Plaintiffs and ensure undue interference in Plaintiffs' property and business.

14. On or about September 10, 2009, Defendant Randy Maurer and Defendant Paradise sent Plaintiffs another Notice of Violation stating, *inter alia*, that Plaintiffs were violating the International Property Maintenance Code with regard to a sanitary drainage system. This was untrue and pretextual in order to attempt to gain profitable compliance from Plaintiffs and ensure undue interference in Plaintiffs' property and business. Since that time, many calls have been placed and letters sent to Defendant Mauer by Plaintiff Indira and an attorney acting on her

6

behalf requesting information as to why a particular building permit (02849) issued on or about March 24, 2004, which is valid, but Plaintiffs have been denied occupancy permits relating to structures erected under said permit. Calls and letters have not been responded to by Defendant Maurer. This kind of treatment is not endured by similarly placed Caucasian-owned businesses and has resulted in significant loss of income to Plaintiffs.

15.     In or about July 2011, Plaintiff Indira went to Defendant Paradise's offices in order to inspect Defendant Paradise's files as they relate to Plaintiffs. Defendant Lopez told Plaintiff Indira that she could not inspect files as to whether Plaintiffs had a permit to add eight additional rooms to Paradise Motel. Defendant Lopez told Plaintiff Indira to return when Defendant Riehl was back. Defendant Lopez asked Plaintiff Indira why Indian women were so difficult. Plaintiff Indira asked Defendant Lopez how many Indian women Defendant Lopez knew that would allow Defendant Lopez to determine that Indian women were difficult. Defendant Lopez also demanded to know if Plaintiff Indira was in the United States legally. Plaintiff Indira informed Defendant Lopez that she is a U.S. citizen. Plaintiff Indira asked Defendant Lopez to confirm that she had a Certificate of Occupancy for Paradise Motel and its addition but Defendant Lopez refused to do so.

16.     In or about October 2011, Defendant Paradise issued Plaintiffs a nuisance violation Notice. Plaintiff Indira and an African-American male, Vince Parker, visited Defendant Lopez. Defendant Lopez asked where Parker was from and informed Plaintiff Indira that he would shut down Paradise Motel until grass surrounding the property was cut and trash collected. Plaintiff Indira was already compliant in this regard but Defendant Lopez' statements were indicative of a hostility by Defendant Lopez exhibited towards non-white Plaintiff Indira. Such hostility was not exhibited towards similarly-placed Caucasian business owners in Defendant Paradise.

7

17.     On the same day, Plaintiff Indira informed Defendant Lopez that there was selective enforcement of Defendant Paradise's rules and ordinances which denied Plaintiffs equal treatment and protection of the laws because of their race and national origin. Plaintiff Indira informed Defendant Lopez that Plaintiffs' neighbor, Chris Stolfus, ran machines late at night and early in the morning and this affected Plaintiffs' business. Defendant Lopez stated that Stolfus was a good man and Defendant Lopez was not going to bother him. On the following Sunday, Defendants Lopez and Groff entered Plaintiffs' property at Paradise Motel without permission and threatened to shut the place down. Plaintiff Indira called Defendant Groff and Defendant Groff asked Plaintiff Indira what she was doing creating a nuisance and told Plaintiff Indira that she was an "Indian bitch" who thought "she was in India."

18.     Defendants also sent fines and criminal summonses to Plaintiffs and Plaintiffs were threatened with a sheriff's sale of their property. Eventually, in or around December of 2012, Plaintiffs were forced to pay off a lien on their property or see the property sold for a fraction of its approximate $1 million value.

19.     In June of 2010, Plaintiffs listed Paradise Motel for sale through Harold Bare, Hostettler Realty. Both Harold Bare and an associate, Linda King, Esquire, were frequently informed by Defendant Groff that Defendant Paradise intended to shut down Plaintiffs' operations at Paradise Motel.

20.     In August of 2012, Plaintiffs attempted to sell Paradise Motel at Barr Auctioneers. However, Defendants Dominick Lopez and Dennis Groff told prospective buyers that there was a lien on the property thereby discouraging prospective buyers. Said Defendants also informed prospective buyers that Defendant Paradise would require a large-scale storm plan and that Paradise Motel needed to be hooked up to the sewage system of Defendant Paradise. Said

8

Defendants and/or other Defendants also falsely told a sales tax agent, Angie Platts, that Paradise Motel was operating at this time when it was not and there was a fear by prospective buyers that there would be tax obligations as this matter was also published in a Lancaster newspaper. On the day of the auction, Defendant Dominick Lopez arrived with constables in front of Plaintiff Periyasamy and prospective bidders and asked "where is your wife? We want to arrest her." A neighboring family called Stolfus offered $600,000 to purchase the Paradise Motel prior at the auction but combined threats discouraged the purchase. The effect of this false information was to inhibit Plaintiffs' ability to sell Paradise Motel.

21.     In December of 2012, Defendant Paradise's sheriff tried to sell the Paradise Motel to collect for a remodeling bill for Paul Davis Remodeling Company that was sent onto Plaintiff's property without consent or permission and without a warrant and for no justifiable reason. Plaintiffs eventually paid this lien to stop foreclosure, which had no basis in law and amounted to Defendants attempting to alienate Plaintiffs' property from Plaintiffs for no justifiable reason and without any compensation.

22.     In 2012, Defendant Sally Riehl denied Plaintiff Indira's request to view public records and Defendant Sally Riehl said to Plaintiff Indira "nobody here asks for this, only you Indians think you can come and change everything here."

23.     On or about April 22, 2014, Plaintiffs received a condemnation Notice from Defendant Paradise. Plaintiffs have been served and continue to be served with unjustified and defective Notices by all Defendants justified by partisanship, racism, and often based upon sham reports by Defendant Corporations which are not only not neutral but Defendant Corporations are either directly staffed by individual Defendants or those with intimate associations with individual Defendants. Plaintiffs have incurred substantial attorney fees as a result.

9

24.     On or about April 23, 2014, Defendants Dominick Lopez and Dennis Groff entered Plaintiffs' property without permission to measure Plaintiffs' septic tank. Defendants have and continue to enter Plaintiffs' property without consent, probable cause, or a warrant and without any valid exception to the warrant requirement.

25.     On or about April 24, 2014, following some legal correspondence by Plaintiffs to Defendants, Dominick Lopez took down the condemnation Notice but informed Plaintiffs that he would "be back soon to shut down the motel."

26.     Defendant Katherine Wood-Jacobs, while Defendant Paradise Supervisor in 2012, responded to Plaintiff Indira's complaints about Defendant Dennis Groff by informing Plaintiff Indira that Defendant Indira was from India and, therefore, was unable to understand laws in Defendant Paradise.     Defendant Katherine Wood-Jacobs also attempted to orchestrate an unlawful sheriff's sale of Plaintiffs' property with Defendant Dennis Groff.

27.     Defendants Associated Building Inspections and Code Administrators have issued and continue to issue pretextual and biased negative inspections of Plaintiffs' property and these Defendant Corporations are fronts for individual Defendants and Defendant Paradise with individual Defendants occupying joint positions and even using Corporate Defendant letterheads for Defendant Paradise Notices and other communication. These Corporate Defendants engage in selective enforcement and, therefore, facilitate the unequal implementation of laws by Defendant Paradise and the individually-named Defendants. In addition, Defendants Associated Building Inspections and Code Administrators have denied Plaintiffs the full and equal benefit of all laws and proceedings for the security of property as is enjoyed by white citizens, by their actions, Defendants Associated Building Inspections and Code Administrators have facilitated the subjection of Plaintiffs to unequal punishment, pains, penalties, taxes, licenses, and exactions

10

when compared to similarly-placed Caucasian owned and operated businesses.

28.    To this date, Plaintiffs are continually pestered by all Defendants with, *inter alia*, threats of civil and criminal proceedings, unjustified Notices of intent to condemn Paradise Motel, and so forth.  This treatment is in stark contrast to behavior by all Defendants towards Caucasian owned and operated businesses.  All individually-named Defendants act in a conspiracy and under color of state law, to wit acting on behalf of Defendant Paradise, to deny rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

29.    All facts detailed that occur outside of applicable statutes of limitations are listed to show a pattern of continued racial animus and differential treatment continually and presently exhibited towards Plaintiffs by all Defendants.

## CAUSES OF ACTION

### COUNT ONE VERSUS ALL INDIVIDUAL DEFENDANTS AND DEFENDANT PARADISE: 42 U.S.C. § 1983 CLAIM BECAUSE OF VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS AGAINST UNREASONABLE SEARCHES WITHOUT PROBABLE CAUSE OR WARRANTS OR VALID EXCEPTIONS TO THE WARRANT REQUIREMENT

30.    Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31.    Various Defendants have entered and continue to enter Plaintiffs' property, always without Plaintiffs' consent and often without Plaintiffs' knowledge.

32.    Defendants have no valid reason for entering Plaintiffs' property without consent or a warrant because Plaintiffs would have given appropriate consent, because a warrant could have been obtained upon probable cause, and because there have been no emergent conditions that would have justified exceptions to the warrant requirement.

33.    Individually-named Defendants, acting under color of state law and the authority of Defendant Paradise, enter and continue to enter Plaintiffs' property.

11

34.     Plaintiffs' rights to be secure in their property and effects have, thus been violated, and Plaintiffs' residents and guests at Paradise Motel have seen unwarranted disturbance at Paradise Motel thereby undermining Plaintiffs' ability to accumulate income at Paradise Motel.

35.     As a consequence of Defendants' actions, Plaintiffs suffered stress, loss of income, intrusion on their property, and Plaintiff Periyasamy has suffered negative cardiac conditions as result of stress and associated issues.  Plaintiffs should be compensated as a result.

**COUNT TWO VERSUS ALL INDIVIDUAL DEFENDANTS AND DEFENDANT PARADISE: 42 U.S.C. § 1983 CLAIM BECAUSE OF VIOLATION OF PLAINTIFFS' FOURTEENTHH AMENDMENT RIGHTS TO PROEDURAL DUE PROCESS.**

36.     Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37.     Plaintiffs have continually been served with, *inter alia*, defective Notices, with threats of criminal action, and so on.

38.     Plaintiffs have been unable to address these defective Notices and threats and in any kind of impartial forum and have been stonewalled at Township meetings, denied access to public documents, and racially abused and threatened when Plaintiffs have attempted to respond to constant harassment and differential treatment perpetuated by individual Defendants acting under color of law and under the authority of Defendant Paradise.

39.     As a consequence of Defendants' actions Plaintiffs have accrued and continue to accrue substantial attorneys' fees, Plaintiffs have suffered stress and loss of income, and Plaintiff Periyasamy has suffered negative cardiac conditions as result of stress and associated issues. Plaintiffs should be compensated as a result.

**COUNT THREE VERSUS ALL INDIVIDUAL DEFENDANTS AND DEFENDANT PARADISE: 42 U.S.C. § 1983 CLAIM BECAUSE OF VIOLATION OF PLAINTIFFS' FOURTEENTHH AMENDMENT RIGHTS TO SUBSTANTIVE DUE PROCESS.**

40.     Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

41.     As a consequence of Defendants' joint governmental and continuing actions, Plaintiffs have been denied their interest in the use, enjoyment, and alienation of their justly-acquired property.

42.     Plaintiffs have been affected by Defendants acting under color of state law and using the authority of Defendant Paradise.

43.     Defendants have continually and without justification denied Plaintiffs the opportunity to quietly enjoy their property, denied Plaintiffs the opportunity to lawfully maximize revenue from their property, and interfered with Plaintiffs' ability to sell the property.  Defendants' motivation is based upon racial animus and Defendants' ultimate aim is to deprive Plaintiffs' of their property without due process of law and to take Plaintiffs' property from them for the use of individual Defendants and Defendant Paradise without any compensation.

44.     As a consequence of Defendants' actions Plaintiffs have accrued and continue to accrue substantial attorneys' fees, and Plaintiffs have suffered stress, loss of income, and Plaintiff Periyasamy has suffered negative cardiac conditions as result of stress and associated issues. Plaintiffs should be compensated as a result.

### COUNT FOUR VERSUS ALL INDIVIDUAL DEFENDANTS AND DEFENDANT PARADISE: 42 U.S.C. § 1983 CLAIM BECAUSE OF VIOLATION OF PLAINTIFFS' FOURTEENTHH AMENDMENT RIGHTS TO EQUAL PROTECTION OF THE LAW.

45.     Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth.

46.     Plaintiffs have been treated unequally, have been racially abused, have been treated differentially when compared with similarly situated white business owners such as their neighbor Stolfus, and have been denied the opportunity to respond to allegations by Defendants.

47.     Defendants have acted under color of state law when treating Plaintiffs unequally and Defendants have under the authority of Defendant Paradise.

13

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1.     Order Defendants to make Plaintiff, insofar as he was adversely affected by the described practices, whole by awarding emotional damages for pain and suffering and loss of income and consortium that has resulted from Defendants' actions.

2.     Grant Plaintiff his attorneys' fees, costs, and disbursements for the present matter and to defend against all the harassing policies detailed herein.

3.     Grant additional relief as the Court deems just and proper including, but not limited to, punitive damages.

**The O'Hanlon Law Firm, P.C.**

_____

STEPHEN T. O'HANLON, ESQUIRE

DATE:  July 2, 2014

The O'Hanlon Law Firm, P.C.
PA Bar # 208428
2 Penn Center Plaza, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: 267.546.9066
Fax: 215.567.1998
steve@ohanlonlawfirm.com
Attorney for Plaintiffs

15